Argued May 29; reversed June 12; rehearing denied June 29, 1945

# NUSSHOLD *v.* KRUSCHKE
(159 P. (2d) 819)

Before Rossman, Acting Chief Justice, and Kelly, Bailey, Lusk, Brand and Hay, Associate Justices.

*William J. Pendergast, Jr.,* and *Leo Levenson,* both of Portland, for appellant.

*Elton Watkins,* of Portland (A. R. Wollenberg, of Portland, on the brief), for respondent.

LUSK, J.

On April 22, 1944, John and Emma Nusshold, husband and wife, opened a joint savings account in Portland Trust and Savings Bank with a deposit of $500.00, and signed an agreement with the bank reading as follows:

"SAVINGS ACCOUNT NO. <u>9866</u>
JOINT ACCOUNT
"JOHN NUSSHOLD or EMMA NUSSHOLD

"All moneys now or at any time deposited by us or either of us, with the PORTLAND TRUST AND SAVINGS BANK, PORTLAND, OREGON, to the credit of the above account, are and shall be so deposited by us and received by said bank upon the following terms and conditions of repayment, namely: that the amount thereof and all interest thereon shall be paid by the said PORTLAND TRUST AND SAVINGS BANK to us, or

either of us, or to the survivor of us, or to the executors, administrators or assigns of such survivors; or upon the written order of any such person so entitled to payment; and without reference to the original ownership of the moneys deposited.

John Nusshold

Emma Nusshold''

"Portland, Oregon, Apr. 22, 1944

On April 24, 1944, there was deposited in the account the sum of $100.00. On April 29, 1944, John Nusshold deposited in the account the sum of $6,580.33, the net proceeds of the sale by John and Emma Nusshold of their home property in the city of Portland, title to which was held by them as tenants by the entirety. On May 15, 1944, John Nusshold withdrew from the account $4,180.33, and on the same day deposited $4,100.00 in a previously established joint savings account in Pacific First Federal Savings and Loan Association, in the names of himself and Marie Kruschke, a daughter of John Nusshold by a former marriage. On May 16, 1944, he withdrew from the Portland Trust and Savings Bank joint account the sum of $1,000.00, and on the same day deposited a like sum in the Pacific First Federal joint account. On May 17, 1944, he gave Mrs. Kruschke the passbook to the Pacific First Federal savings account and said to her: "Here, take this. It is yours. I have never done anything for you and I want you to have something." He added that $1,000.00 was for Mrs. Kruschke's daughter, and the rest was for her to do with as she pleased. The next day he killed himself.

The balance in the Pacific First Federal account after the deposits of $4,100.00 and $1,000.00 had been made, as above related, amounted to $6,000.41. On

May 26, 1944, this balance was withdrawn by Marie Kruschke.

This suit was brought by Emma Nusshold against Marie Kruschke to impress a trust upon the moneys so withdrawn by John Nusshold from the joint savings account in Portland Trust and Savings Bank. The complaint alleges that John and Emma Nusshold were joint owners of the moneys in that account; that it was understood between them that such moneys were to be used in the purchase of a dwelling house in the city of Portland; that the act of John Nusshold in withdrawing such moneys from the joint account in Portland Trust and Savings Bank was without her knowledge or consent and in violation of their agreement, and with intent to cheat and defraud plaintiff out of such moneys; that the moneys so withdrawn were deposited by John Nusshold in Pacific First Federal Savings and Loan Association in the joint names of the defendant Marie Kruschke and plaintiff's deceased husband, and that thereafter the defendant withdrew said moneys from Pacific First Federal Savings and Loan Association and converted the same to her own use and deposited them in the United States Postal Bank and other banking institutions. The prayer of the complaint is for a judgment for the amount of moneys so received by the defendant, and that she be decreed to hold such moneys in trust for the plaintiff.

The defendant in her answer denied all the allegations of the complaint, except that she and John Nusshold, during the latter's lifetime, had a joint savings account in Pacific First Federal Savings and Loan Association; and she affirmatively alleged that prior to his death John Nusshold "gave to defendant the sum of $6,000.00 as evidenced by a bank book issued

in the joint names of John Nusshold and defendant''.

The circuit court found that the plaintiff had failed to sustain the burden of proof on her part, and that the gift alleged by the defendant was proven, and entered a decree dismissing the suit. From that decree the plaintiff has appealed.

■ While it is not conceded by the defendant that the moneys withdrawn from the Portland Trust and Savings Bank joint account by John Nusshold were deposited by him in the joint account of himself and the defendant in Pacific First Federal Savings and Loan Association, there is little, if any, room for doubt on that question. On one day he withdrew $4,180.33 from one account and deposited $4,100.00 in the other. On the next day he withdrew $1,000.00 from the one account and deposited the identical sum in the other. So far as appears, there were no other funds available to him which might have constituted the source of these deposits, and we, therefore, find that the sum of $5,100.00 in controversy came from the joint savings account of John and Emma Nusshold and ultimately was received by the defendant.

The evidence is sufficient to show a valid gift of that money to the defendant, provided John Nusshold had the right thus to dispose of it. But it is clear under *State Land Board v. Estate of John Gralewski, ante* p. 448, 159 P. (2d) 211, decided May 22, 1945, that he did not have that right. This is so even though, as the circuit court found, the plaintiff failed to prove the agreement which she alleged concerning the use to which the money was to be put. We will not disturb that finding, notwithstanding some doubts we entertain about its correctness. But that simply leaves the case in the exact posture of the Gralewski case. We there

held that joint depositors, who signed a form of agreement with the bank similar to that here in question, were *prima facie* joint and equal owners of the moneys in the account, with right of survivorship; and, there being no evidence to overcome the presumption of joint ownership, that "the withdrawal by one depositor, without the other's consent, of the entire deposit, and for the manifest purpose of defeating his codepositor's survivorship right, is a violation of the understanding between the parties, as evidenced by the deposit agreement, and an attempted invasion of such codepositor's title." In that case, as here, the moneys were withdrawn in anticipation of the death of the withdrawing depositor, who attempted to dispose of them by will, and shortly thereafter died. We said that the withdrawal did not effect a severance of the joint tenancy, but resulted only in a change in the form of the deposit, while its joint character and the rights therein of the respective parties remained unaltered. Ownership of the moneys withdrawn was consequently determined to be in the survivor.

■■ There is no evidence in the instant case which in any way tends to overcome the presumption of a joint tenancy. Rather, the presumption is strengthened by the fact that much the greater part of the moneys in the account came from the sale of real property theretofore held by John and Emma Nusshold as tenants by the entirety. It is shown without dispute that the plaintiff did not consent to, or authorize, her husband's acts in withdrawing the moneys, and knew nothing about those transactions until after his death. The result must, therefore, be the same as in the Gralewski case. John Nusshold did not acquire title to the moneys by withdrawing them, and it was not within his power

to make a gift of them to the defendant. They retained their joint character as the property of John and Emma Nusshold, with the right of survivorship, after they were deposited in the Pacific First Federal joint account of John Nusshold and Marie Kruschke, and after Marie Kruschke withdrew them from the account. The defendant, therefore, acquired no benefical title through the attempted gift, and is bound to make restitution to the true owner. Restatement, Restitution, 506, § 123. The plaintiff succeeded to the ownership of the moneys by right of survivorship on the death of her husband.

■ There is no evidence as to what became of the moneys after they were withdrawn from the Pacific First Federal account by Marie Kruschke. Hence, no decree can be entered impressing a trust upon them, but the plaintiff is entitled to recover judgment against the defendant for the sum of $5,100.00, together with interest thereon at the rate of six per cent per annum thereon from May 17, 1944, the date of the death of John Nusshold.

The decree of the circuit court is reversed, and one will be entered here in conformity to these views. No costs or disbursements will be allowed.